# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ERVIN MIDDLETON et al.,

    Plaintiffs,

vs.

GUARANTEED RATE, INC. et al.,

    Defendants.

2:15-cv-00943-RCJ-GWF

**ORDER**

This is an action to rescind a loan under the Truth in Lending Act ("TILA"). Pending before the Court are a Motion to Dismiss (ECF No. 6) and a Motion to Strike (ECF No. 14) the motion to dismiss. For the reasons given herein, the Court denies the motion to strike and grants the motion to dismiss.

## I.    FACTS AND PROCEDURAL HISTORY

On March 9, 2012, Plaintiff Ann Middleton (formerly Ann Gates) and her ex-husband Raymond Gates gave Defendant Guaranteed Rate, Inc. ("GRI") a promissory note in order to purchase real property at 7754 Pink Ginger Street, Las Vegas, Nevada 89123 (the "Property"), secured by a deed of trust against the Property. (*See* Compl., ECF No. 1; Deed of Trust, ECF No. 7-2). The loan was a Veterans Administration ("VA") loan. (*See* VA Assumption Policy Rider,

ECF No. 7-2, at 22).  GRI assigned the loan to Defendant Wells Fargo Bank, N.A. ("Wells Fargo") on Jan. 27, 2015. (*See* Assignment, ECF No. 7-4).

Ann Middleton and Ervin Middleton (presumably her new husband) sued GRI and Wells Fargo in this Court for rescission and restitution under the Truth in Lending Act ("TILA").  GRI has not yet appeared.  Wells Fargo has moved to dismiss, and GRI has joined the motion.  Plaintiffs have opposed the motion and have moved to strike it.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

///

## III. ANALYSIS

### A. Motion to Strike

Plaintiffs ask the Court to strike the motion to dismiss, but apart from asking the Court to strike the motion (and the joinder thereto) in the title of their response to the present motion to dismiss, they have not argued any basis for the Court to strike the motion from the record. The Court therefore denies the motion to strike.

### B. Motion to Dismiss

Wells Fargo is correct that Ervin Middleton does not have standing to pursue a TILA claim, because he is not an obligor of the loan. *See, e.g.*, *Wilson v. JPMorgan Chase Bank*, No. CIV.2:09-863, 2010 WL 2574032, at *6 (E.D. Cal. June 25, 2010). Wells Fargo does not appear to challenge Ann Middleton's standing.

Wells Fargo argues that TILA contains a three-year statute of repose running from the date of the transaction, which in this case was March 9, 2012. *See McOmie–Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012). It is clear on the face of the Complaint that the statute of repose ran on March 10, 2015 and that the Complaint was not filed until May 19, 2015. But a borrower need not file suit within three years to rescind under TILA, so long as he gives written notice of rescission to the lender within three years. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). Plaintiffs allege having sent a notice of rescission on March 5, 2015, before the limitations period ran. (*See* Compl. ¶ 9.1). The statute of repose therefore does not bar the present lawsuit.

Wells Fargo also argues that the three-year statute of repose does not apply in this case. Wells Fargo is correct that the three-year period only applies where there is no proper TILA disclosure, otherwise the time limit is three *days* from the date of the transaction. *Miguel v.*

*Country Funding Corp.*, 309 F.3d 1161, 1163 (9th Cir. 2002) ("If proper notice of rescission rights is not delivered to the consumer at the time of closing, and the lender fails to cure the omission by subsequently providing the proper information, the consumer's usual right to rescind within three days of closing is extended to three years."). A TILA disclosure appears to have been made in this case on the date of the sale. (*See* Federal Truth-in-Lending Disclosure Statement, ECF No. 7-6, at 4). But the relevant evidence is neither attached to the Complaint nor a matter of public record. The Court therefore cannot consider it on a motion to dismiss. Plaintiffs have sufficiently alleged a lack of a TILA disclosure. (*See* Compl. ¶ 11).

The Court also rejects Wells Fargo's argument that the Court should dismiss because Ann Middleton has not alleged a willingness and ability to return the loan proceeds. Although a district court may indeed require such evidence of a TILA rescission plaintiff at the summary judgment stage, she needn't initially plead it under Rule 8(a). *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1030–33 (9th Cir. 2014).

The Court, however, agrees with Wells Fargo that the loan in this case is simply not covered by TILA. TILA's rescission provision "does not apply to . . . a residential mortgage transaction as defined in section 1602(w) of this title." 15 U.S.C. § 1635(e), (e)(1). "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." *Id.* § 1602(x).[1] In other words, the right to

---

[1] Section 1635(e)(1) refers to section 1602(w) for the definition of "residential mortgage transaction," but that definition, like all the definitions in § 1602, was shifted one letter down in 2010 in order to insert the definition of "Bureau" (meaning the newly created Bureau of Consumer Financial Protection) as the first definition listed in the statute. *See* Dodd–Frank Wall Street Reform and Consumer Protection Act § 1100A, Pub. L. No. 111-203, 124 Stat. 1376, 2107

rescind under TILA exists only if the property is not itself the security for the loan obtained to purchase it. *Compare In re Schweizer*, 354 B.R. 272 (Bankr. D. Idaho 2006) (holding that the TILA rescission remedy did not apply where borrowers used the loan proceeds to acquire a primary residence that secured the loan), *with De Jesus-Serrano v. Sana Inv. Mortgage Bankers, Inc.*, 552 F. Supp. 2d 191 (D.P.R. 2007) (holding that the TILA rescission remedy did apply where borrowers encumbered a second property in order to finance the purchase of their primary residence). The Court rejects Plaintiffs' argument that "residential mortgage transaction" only includes mortgages given to finance initial construction. Subsection 1602(x) includes mortgages given either "to finance the acquisition *or* initial construction of such dwelling." 15 U.S.C. § 1602(x) (emphasis added). Here, it is clear on the face of the Complaint, (*see* Compl. ¶ 9), and the judicially noticeable public records that Ann and Raymond Gates obtained the loan in order to acquire the Property, not to refinance it. Prior to their purchase of the Property in 2012, it belonged to the Federal National Mortgage Corporation. The Court therefore dismisses the TILA claim.

Finally, Plaintiffs seek restitution as a remedy for Defendants' failure to rescind the loan, demanding a return of the $57,906 paid to the lender thus far, as well as fees and costs. Because the rescission claim fails, however, no measure of damages or other remedy is available.

---

(2010). The intent of Congress was not to change the scope of § 1635(e)(1)'s exception but to renumber the definitions under § 1602. Section 1635(e)(1) states "a residential mortgage transaction as defined in section 1602(w) of this title." 15 U.S.C. § 1635(e)(1). Section 1602(x) states, "The term 'residential mortgage transaction' means . . . ." *Id.* § 1602(x). Congress' failure to amend § 1635(e)(1) to refer to the proper subsection was a technical oversight resulting from the haste with which Congress drafted a lengthy, complex law in reaction to the Crash of 2008. Section 1635(e)(1) would be read out of the statute if one were to refer to § 1602(w) for the definition of "residential mortgage transaction," because § 1602(w) contains no such definition. *See id.* § 1602(w) (defining "dwelling"). The intent of § 1635(e)(1) was to incorporate the definition of "residential mortgage transaction," not to incorporate any text that happens to be found in § 1602(w).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Strike (ECF No. 16) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Pro Se Litigants to File Electronically (ECF No. 13) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 25th day of June, 2015.

_____
ROBERT C. JONES
United States District Judge