UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN MIDDLETON et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GUARANTEED RATE, INC. et al., <br><br> Defendants. | 2:15-cv-00943-RCJ-GWF <br><br> **ORDER** |

This is an action to rescind a loan under the Truth in Lending Act ("TILA"). Pending before the Court is a Motion to Reconsider (ECF No. 25). For the reasons given herein, the Court denies the motion.

## I.  FACTS AND PROCEDURAL HISTORY

On March 9, 2012, Plaintiff Ann Middleton (formerly Ann Gates) and her ex-husband Raymond Gates gave Defendant Guaranteed Rate, Inc. ("GRI") a promissory note in order to purchase real property at 7754 Pink Ginger Street, Las Vegas, Nevada 89123 (the "Property"), secured by a deed of trust against the Property. (*See* Compl., ECF No. 1; Deed of Trust, ECF No. 7-2). The loan was a Veterans Administration ("VA") loan. (*See* VA Assumption Policy Rider, ECF No. 7-2, at 22). GRI assigned the loan to Defendant Wells Fargo Bank, N.A. ("Wells Fargo") on Jan. 27, 2015. (*See* Assignment, ECF No. 7-4).

Ann Middleton and Ervin Middleton (presumably her new husband) sued GRI and Wells Fargo in this Court for rescission and restitution under the Truth in Lending Act ("TILA"). Wells Fargo moved to dismiss, and GRI joined the motion. Plaintiffs opposed the motion and moved to strike it. The Court refused to strike the motion to dismiss and granted it, ruling that although the suit was not on its face time-barred, that Plaintiffs needn't allege willingness and ability to retender the loan proceeds, and that Plaintiffs had sufficiently alleged a failure to make the required TILA notifications, TILA simply did not apply to the loan at issue in this case. Plaintiffs have asked the Court to reconsider.

## II.     LEGAL STANDARDS

Motions to reconsider made too late to be considered as motions to alter or amend a judgment, i.e., more than 28 days after the challenged order is entered, Fed. R. Civ. P. 59(e), are treated as motions for relief from judgment under Rule 60(b), *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Because Plaintiffs filed the present motion to reconsider several months after the Court entered its dismissal order and judgment, Rule 60(b) applies.

## III.    ANALYSIS

The Court declines to reconsider. First, Plaintiffs do not address the basis for the Court's dismissal, i.e., that TILA simply does not apply to the purchase money mortgage in this case, other than to state that they disagree.

Second, the Court rejects Plaintiffs' argument that they should prevail on their TILA claim because once the rescission was made the note and mortgage were voided by operation of law. That argument puts the cart before the horse. As in any case, under Rule 8(a) Plaintiffs must show that the law they have invoked applies to the facts of their case. If, as the Court ruled,

TILA does not apply to the loan at issue, then TILA provides no remedy in this case, regardless of issues of justiciability, burdens of proof, etc. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015) stands for the proposition that TILA rescissions, unlike traditional common law rescissions, do not require retender of the loan proceeds or an affirmative declaration by a court but only written notice to the lender. The case does not stand for the proposition that the facts of whether a rescission occurred or whether a loan is subject to the purchase-money-mortgage exclusion are non-justiciable.

Third, the Court rejects Plaintiffs' argument that because the note and mortgage were voided once the rescission was made, and because Defendants failed to file their own lawsuit for declaratory judgment as to the ineffectiveness of the rescission, Defendants either waived any defense to a TILA claim or have no standing to defend against one. Plaintiffs cite no authority for the proposition that one may waive a defense by electing not to affirmatively seek a declaratory judgment affirming the defense. And it is not Defendants who must have standing in the present case, it is Plaintiffs. Plaintiffs filed this suit. If the Court were to agree with Plaintiffs that there was no case or controversy under Article III—and there plainly is—it would dismiss for lack of jurisdiction, and Plaintiffs would lose their case, not win it.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 25) is DENIED.

IT IS SO ORDERED.

Dated this 9th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge