UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ERVIN MIDDLETON et al., | ) |
| Plaintiffs, | ) 2:15-cv-00943-RCJ-GWF |
| vs. | ) |
| GUARANTEED RATE, INC. et al., | ) **ORDER** |
| Defendants. | ) |

This is an action to rescind a loan under the Truth in Lending Act ("TILA"). On March 9, 2012, Plaintiff Ann Middleton (formerly Ann Gates) and her ex-husband Raymond Gates gave Defendant Guaranteed Rate, Inc. ("GRI") a promissory note in order to purchase real property at 7754 Pink Ginger Street, Las Vegas, Nevada 89123 (the "Property"), secured by a deed of trust against the Property. (*See* Compl., ECF No. 1; Deed of Trust, ECF No. 7-2). The loan was a Veterans Administration ("VA") loan. (*See* VA Assumption Policy Rider, ECF No. 7-2, at 22). GRI assigned the loan to Defendant Wells Fargo Bank, N.A. ("Wells Fargo") on Jan. 27, 2015. (*See* Assignment, ECF No. 7-4).

Ann Middleton and Ervin Middleton (presumably her new husband) sued GRI and Wells Fargo in this Court for rescission and restitution under the Truth in Lending Act ("TILA"). Wells Fargo moved to dismiss, and GRI joined the motion. Plaintiffs opposed the motion and

moved to strike it.  The Court refused to strike the motion to dismiss and granted it, ruling that although the suit was not on its face time-barred, that Plaintiffs needn't allege willingness and ability to retender the loan proceeds, and that Plaintiffs had sufficiently alleged a failure to make the required TILA notifications, TILA simply did not apply to the loan at issue in this case.

Plaintiffs appealed.  The Court of Appeals directed Plaintiffs to pay the filing fee or file a motion to proceed *in forma pauperis*.  Plaintiffs paid the fee but later asked this Court to reconsider dismissal and asked the Court of Appeals to voluntarily dismiss the appeal and refund the appeal filing fee.  The Court of Appeals granted the motion to dismiss the appeal but denied the motion to recover the filing fee without prejudice to renewal before this Court.  Plaintiffs then filed a copy of the same motion in this Court.  The motion explains that Plaintiffs' attorney has been suspended, has lied to them about his pending reinstatement, has ignored their calls, and that Plaintiffs do not wish to prosecute an appeal *in pro se*.  In the meantime, the Court has denied the motion to reconsider.  The Court now considers the motion to refund the appeal filing fee and grants it.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Have Appeal Fee Refunded (ECF No. 29) is GRANTED, and the Clerk shall REFUND the $505 filing fee to Plaintiffs.

IT IS SO ORDERED.

DATED:  This 3rd day of December, 2015.

_____
ROBERT C. JONES
United States District Judge