# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN MIDDLETON et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) 2:15-cv-00943-RCJ-GWF |
| vs. | )<br>) |
| GUARANTEED RATE, INC. et al., | ) **ORDER**<br>)<br>) |
| Defendants. | )<br>) |

This is an action to rescind a loan under the Truth in Lending Act ("TILA"). On March 9, 2012, Plaintiff Ann Middleton (formerly Ann Gates) and her ex-husband Raymond Gates gave Defendant Guaranteed Rate, Inc. ("GRI") a promissory note and deed of trust in order to purchase real property in Las Vegas, Nevada. GRI assigned the loan to Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Ann Middleton and Ervin Middleton (presumably her new husband) sued GRI and Wells Fargo in this Court for rescission and restitution under the Truth in Lending Act ("TILA"). Wells Fargo moved to dismiss, and GRI joined the motion. Plaintiffs opposed the motion and moved to strike it. The Court refused to strike the motion and granted it, ruling that although the suit was not on its face time-barred, that Plaintiffs needn't allege willingness and ability to retender the loan proceeds, and that Plaintiffs had sufficiently alleged a

failure to make the required TILA notifications, TILA simply did not apply to the purchase money mortgage in this case.

Plaintiffs appealed. The Court of Appeals directed Plaintiffs to pay the filing fee or file a motion to proceed *in forma pauperis*. Plaintiffs paid the fee but later asked this Court to reconsider dismissal and asked the Court of Appeals to voluntarily dismiss the appeal and refund the appeal filing fee. The Court of Appeals granted the motion to voluntarily dismiss the appeal but denied the motion to recover the filing fee without prejudice to renewal before this Court. Plaintiffs then filed a copy of the same motion in this Court. The Court granted the motion to refund the appeal filing fee and denied the motion to reconsider dismissal.

Plaintiffs have filed two further motions. First, Plaintiffs ask the Court to reinstate the appeal. That motion is denied for lack of jurisdiction. Such a motion must be made to the Court of Appeals. Second, Plaintiffs ask the Court to reconsider its order denying reconsideration of the order granting the motion to dismiss. The Court denies that motion for the reasons already given.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions (ECF Nos. 33, 35) are DENIED.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge